Duffey, J.,
concurring. The basis of this appeal is the fact that the use of the advertising material is subject to the tax. Appellant not only concedes but relies upon Coca-Cola Bottling Co. of Youngstown v. Bowers, Tax Commr. (1960), 171 Ohio St., 26, and E. J. Heinz Co. v. Bowers, Tax Commr. (1960), 170 Ohio St., 423. Those cases create the issues in this appeal.
As presented in appellant’s brief, the two issues are:
(1) Whether the tax can be applied retroactively to transactions before those cases or only prospectively to transactions after those cases.
(2) Whether the Tax Commissioner is estopped to assess the tax against transactions before those cases.
In addition to authority from other states, appellant relies upon the recent case of Recording Devices, Inc., v. Bowers, Tax Commr. (1963), 174 Ohio St., 518. Ohio does not have, and has not had, an administrative tax ruling system even remotely similar to that of the federal government and some of our sister states. Yet in the Recording Devices case the Board of Tax Appeals reversed the order of the Tax Commissioner and canceled an assessment on admittedly taxable transactions. The board held that the commissioner was bound in 1962 by a personal letter written to a taxpayer in 1938, and that the commissioner would remain so until that “ruling” was “rescinded in writing.” The board held that the taxpayer, having relied on the ruling, coupled with the long-continued administrative practice of the state assessing body in following such ruling, was entitled to have its assessment canceled. 174 Ohio St., at 518 and 519. This court upheld the board’s cancellation as “neither unreasonable nor unlawful.”
In the present case appellant relied not upon a letter, but upon a ruling. The ruling was made not by the Tax Commissioner but by the very highest administrative tax body, and that ruling was officially made and published. Red Top Brewing Co. v. Bowers, Board of Tax Appeals Decisions re Sales and Use Tax, Vol. V, Index No. 60 (1955). Yet the board here refused to cancel appellant’s assessment and this court is affirming. I consider this rank discrimination between taxpayers.
I concur in the result on the ground that the decision in the *468 Recording Devices case upholding cancellation of the assessment was erroneous and should be overruled. Since this is only a concurring opinion, I see no point in detailing my reasons.